NO. 07-07-0386-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2008
_____

JOEY NICKOLAS VALLEJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18022-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, a jury convicted appellant Joey Nickolas Vallejo of possession of a controlled substance, methamphetamine, of four grams or more but less than 200 grams. The jury assessed punishment at 16 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed a notice of appeal. The reporter's record, clerk's record, and supplemental volumes of the clerk's record were filed. Appellant's brief was due for filing on November 28, 2007, but neither his brief nor a motion for extension for time were filed.

By letter dated December 7, 2007, this Court notified appellant's appointed counsel of this failure and also explained that if no response was received by December 17, 2007, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. We received no response and therefore abate the appeal and remand the case to the trial court for further proceedings.

On remand, the trial court shall conduct the hearing required by Rule 38.8(b)(2) and (3) to determine:

1. Whether appellant desires to prosecute the appeal; and

2. If so, whether appellant's present counsel, given his failure to file a brief, will pursue the appeal or, if appellant is indigent, the appointment of new counsel is necessary.

Should the trial court determine appellant desires to continue the appeal, is indigent, and that new counsel should be appointed, it shall appoint new counsel to represent appellant for this appeal. Should the trial court appoint new counsel, its order of appointment shall include newly appointed counsel's name, address, telephone number, and state bar number.

The trial court shall execute all orders necessary regarding the aforementioned issues. If necessary, it shall execute findings of fact and conclusions of law. The trial court shall include its findings, conclusions, and orders, in a supplemental clerk's record. A supplemental reporter's record of the hearing of matters made the subject of this opinion shall also be included in the appellate record. Finally, the trial court shall file the

2

supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by February 11, 2008.

It is so ordered.

Per Curiam

Do not publish.